IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

DAVID DEBAUCHE,

                Plaintiff,                OPINION AND ORDER

v.

                                    20-cv-657-wmc

LARRY FUCHS, LINDSAY WALKER,
MICHAEL GLASS, GWEN SCHULTZ,
RYAN BLOUNT, KEVIN PITZEN, KYLE
ZENK, SERGEANT WASAUGY, RANDAL,
DALE PAUL and MARIO LAVIA,

                Defendants.

*Pro se* plaintiff David DeBauche, who currently is incarcerated at Columbia Correctional Institution ("Columbia"), brings this action under 42 U.S.C. § 1983, against eleven Wisconsin Department of Corrections ("DOC") officials, claiming that their policies and practices have violated his constitutional and state law rights. This matter was removed from state court, and DeBauche's complaint is now before the court for screening pursuant to 28 U.S.C. § 1915A. After review, the court concludes that plaintiff's complaint is subject to dismissal for failure to satisfy the minimal pleading requirements of Federal Rule of Civil Procedure 8. However, before dismissing this lawsuit, the court will give plaintiff an opportunity to file an amended complaint that corrects the deficiencies described below.

ALLEGATIONS OF FACT[1]

Plaintiff David DeBauche seeks to proceed against the following 11 current or former Columbia employees: Warden Larry Fuchs; Unit Managers Lindsey Walker and Michael Glass; Security Directors Ryan Blount, Gwen Schultz and Kevin Pitzen; Inmate Complaint Examiner ("ICE") Kyle Zenk; Sergeant Wasaugy; Property Officer Randal; Correctional Officer Mario Lavia; and Property Supervisor Dale Paul.

On August 13, 2020, defendant Randal came to DeBauche's cell and told DeBauche he was over the limit for his legal property, so DeBauche either had to remove his legal materials from his cell or have them destroyed. DeBauche suggests that his property did not violate any policies, since other officers had searched his cell and not identified any problems. Regardless, DeBauche responded that he needed those materials for two lawsuits in this court -- Case Numbers 17-cv-454-wmc and 17-cv-524-wmc -- and that he was in the process of filing additional lawsuits in state court. It appears DeBauche agreed to send certain legal materials out of his cell, because after that interaction DeBauche wrote to defendants Walker, Glass, Fuchs and the security director asking for return of his property. DeBauche did not receive a response to those communications.

On August 25, 2020, Randal and defendant Wasaugy directed DeBauche to bring his legal materials in his cell to the dayroom, where his other legal materials were located. They instructed DeBauche to review all the materials and choose which items he wanted

---

[1] Courts must read allegations in *pro se* complaints generously, resolving ambiguities and drawing reasonable inferences in plaintiff's favor. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). The court assumes the facts above based on the allegations made in plaintiff's amended complaint and supplement.

2

to keep, and the remainder would be destroyed. DeBauche further alleges that on September 2, Randal and Lavia dumped some papers on the floor and bed of his cell. It appears that, for the most part, the officers brought him books and magazines instead of his legal materials, and the legal materials they did bring were in disarray. Apparently, Randal chose which publications DeBauche could keep in his cell, leaving mailings and fliers but confiscating publications DeBauche preferred to keep.

DeBauche again wrote to Walker, Glass, Fuchs and Schultz on September 5, 2020, and only Fuchs responded, apparently writing that DeBauche was entitled to possess his legal materials. On September 9, 2020, Randal came to DeBauche's cell, directing DeBauche to show him a court order that describes the types of legal materials he needed. As a result, it appears DeBauche received some legal materials back, although the box he received also contained personal property items and he was still missing much of his legal Materials.

DeBauche then filed an inmate complaint, asking for return of the property. Defendant ICE Zenk recommended dismissal of the inmate complaint as moot, writing that DeBauche's unit staff reported that his legal materials had been returned to him. DeBauche claims that Zenk never actually investigated whether this was true. DeBauche also claims that he had multiple conversations with Zenk about his legal property, and Zenk actually promised to retrieve his stored property and return it to him but never followed through on that promise.

On September 20 and October 20 of 2020, DeBauche met with defendant Glass. During both meetings, Glass told DeBauche that he would arrange for a meeting between

3

Randal and DeBauche so that they could resolve the property issue. However, Glass never actually arranged the meeting, and apparently Glass instead told DeBauche that he did not care if Debauche filed a lawsuit.

DeBauche also includes a few allegations about his personal property. On October 29, 2020, certain property items (his water pitcher, shoes, thermal top/bottom, legal materials, drawing board, hearing aids, electronic items, receipts and a medical brace) were destroyed. Additionally, in May of 2020, another inmate was released and donated DeBauche several property items, including a television set, cable and an alarm clock. Although the inmate wrote to Fuchs, Walker, Paul and Randal about this donation, no one responded and DeBauche did not receive that property.

Finally, DeBauche claims that Randal placed him in a cell in which the walls, ceiling, floor, desk, window, sink and toilet were covered in feces. Although Randal saw the state of the cell, he gave DeBauche just three squirts of cleaning solution on a rag to clean it. DeBauche had to stay in the cell for more than five hours before the cell was cleaned with a pressure washer.

OPINION

Plaintiff does not specifically invoke any constitutional amendment or state law, but the court understands him to be pursing First Amendment access to courts claims against all defendants, an Eighth Amendment conditions of confinement claim against defendant Randal, and state law property claims against defendants. However, his allegations fail to meet the minimal pleading requirements of Federal Rule of Civil

4

Procedure 8. Rule 8(a) requires a "'short and plain statement of the claim' sufficient to notify the defendants of the allegations against them and enable them to file an answer." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). Dismissal is proper "if the complaint fails to set forth 'enough facts to state a claim to relief that is plausible on its face.'" *St. John's United Church of Christ v. City of Chi.*, 502 F.3d 616, 625 (7th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

To succeed on an access-to-courts claim, a plaintiff must show that he was, or is, suffering an "actual injury" by being "frustrated" or "impeded" in bringing a non-frivolous claim regarding his criminal conviction, sentence or conditions of confinement. *Lewis v. Casey*, 518 U.S. 343, 353-55 (1996). Moreover, the injury must be a *specific* hinderance related to a lawsuit, *Owens v. Evans*, 878 F.3d 559, 565 (7th Cir. 2017), "such as the dismissal of a complaint or an inability to file a complaint at all," *Beese v. Todd*, 35 F. App'x 241, 243-44 (7th Cir. 2002). The injury cannot be a speculative, future harm. *Marshall v. Knight*, 445 F.3d 965, 969-70 (7th Cir. 2006). Given this standard plaintiff's allegations do not support a claim.

Plaintiff appears to claim that Randal's confiscation and handling of his legal materials, and the remaining defendants' failure to intervene to provide plaintiff adequate access to those materials, prevented him from litigating his lawsuits in this court and in state court. Critically, however, plaintiff's allegations do not give rise to an inference that his limited access to his legal materials prevented him from meaningfully participating in any of his legal proceedings, or that he suffered any negative ramifications in either lawsuit as a result of those confiscations. In short, plaintiff's allegations do not suggest that his

confiscated legal materials have caused him harm in any of his court proceedings. Although plaintiff remains frustrated that he has less access to legal resources, he has not otherwise provided a specific example of how these limitations have thwarted his ability to litigate a nonfrivolous case, much less his lawsuits before this court.

Nor do plaintiff's allegations support an Eighth Amendment conditions of confinement claim against Randal. "The Constitution does not mandate comfortable prisons, . . . but neither does it permit inhumane ones, and it is now settled that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (internal citation and quotation omitted). In that respect, the Eighth Amendment imposes a duty on prison officials to provide "humane conditions of confinement," such as "adequate food, shelter, clothing, and medical care," and must take "reasonable measures" to guarantee inmate safety. *Id.* at 832-33 (citations omitted).

To state a claim under the Eighth Amendment challenging conditions of confinement, however, a plaintiff's allegations must satisfy objective and subjective components. In particular, that (1) the conditions of confinement were objectively serious, such that they deprive inmates of the minimal civilized measure of life's necessities, and (2) the defendant knew about, but failed to take reasonable measure to prevent the potential harm of that condition. *Henderson v. Sheahan*, 196 F.3d 839, 845 (7th Cir. 1999) (citing *Farmer*, 511 U.S. at 834).

As for the objective inquiry, because routine discomfort is "part of the penalty that criminal offenders pay for their offenses against society," *Rhodes v. Chapman*, 452 U.S. 337,

6

347 (1981), "only those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (quotation omitted)). In other words, only "extreme deprivations" will support an Eighth Amendment claim concerning conditions of confinement. *Delaney v. DeTella*, 256 F.3d 679, 683 (7th Cir. 2001) (citing *Hudson*, 503 U.S. at 9). For example, the following conditions have been found to rise to the level of unsanitary conditions: (1) being housed in a cell with broken windows, exposed wiring, extensive rust, sinks without running water, toilets covered in mold and a broken heating system, *Budd v. Motley*, 711 F.3d 840, 841-42 (7th Cir. 2013); (2) being required to sleep on a moldy and wet mattress for 59 days, *Townsend v. Fuchs*, 522 F.3d 765, 773-74 (7th Cir. 2008); (3) being subjected to a lack of sanitary conditions, including clean bedding, *Gillis v. Litscher*, 468 F.3d 488, 493-94 (7th Cir. 2006); (4) having to live for 16 months in a cell infested with cockroaches that crawled over the prisoner's body, *Antonelli v. Sheahan*, 81 F.3d 1422, 1431 (7th Cir. 1996); and (5) living in a cell in which with mold and fiberglass in the ventilation ducts caused the plaintiff severe nosebleeds and respiratory problems, *Board v. Farnham*, 394 F. 3d 469, 486 (7th Cir. 2005).

Plaintiff alleges that he had to stay in a cell with feces on the walls, ceiling, floor, desk, window, sink and toilet for just five hours before officers cleaned it. While plaintiff's experience for that short period of time may have been unpleasant, his description of the circumstances does not support an inference that he was subjected to conditions that meet the objective prong of this type of claim. Accordingly, as currently pled, plaintiff has failed

to state a federal claim upon which relief can be granted, and absent a federal claim in this lawsuit, the court declines to address his proposed supplemental state law claims.

Before dismissing this case for failure to state a federal claim upon which relief can be granted, however, the court will give DeBauche a brief window of time to submit a proposed amended complaint that corrects the deficiencies described above with respect to his proposed access to courts and conditions of confinement claims. DeBauche should draft his amended complaint as if he were telling a story to someone who knows nothing about the events at hand, focusing on providing a timeline of the materials events. He should be sure to identify the specific defendants who are being sued, and the specific actions taken by each defendant that plaintiff believes violated his rights and when those events took place. As to his access to courts claim in particular, if DeBauche cannot allege in good faith a specific harm he suffered because he did not have his legal materials, this claim will not survive screening. After the court receives DeBauche's proposed amended complaint in this lawsuit, the court will screen his amended complaint and determine whether this case may proceed further.

ORDER

IT IS ORDERED that:

1. Plaintiff David DeBauche's complaint is DISMISSED without prejudice for failure to satisfy the requirements of Federal Rule of Civil Procedure 8.

2. Plaintiff has until **July 18, 2022**, to file an amended complaint that corrects the deficiencies described above. Plaintiff's failure to file an amended complaint by that deadline will cause this court to dismiss his claims with prejudice for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b).

Entered this 27th day of June, 2022.

                                        BY THE COURT:
                                        /s/
                                        _____
                                        WILLIAM M. CONLEY
                                        District Judge